IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA DE JESUS SALAS ROJAS, JAVIER ROJAS, and EDUARDO ROJAS, | ) ) ) ) 8:05cv155 |
| Plaintiffs, | ) MEMORANDUM AND ORDER ) ) |
| vs. | ) ) |
| PAUL D. KRATZ, et al., | ) ) |
| Defendants. | ) |

This matter is before the court on filing nos. 2, 3 and 4, filed by the plaintiffs, Maria de Jesus Salas Rojas, Javier Rojas and Eduardo Rojas. The plaintiffs seek damages for injuries and expenses incurred as a result of a traffic collision allegedly caused by the negligent conduct of one or more of the defendants. However, for the following reasons, the above-entitled action must be dismissed.

Subject matter jurisdiction is a very serious concern in the federal district courts. For example, Fed. R. Civ. P. 12(h)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court **shall** dismiss the action." (Emphasis added.) Often a case which cannot be brought in federal district court may nonetheless be filed in a state court. That is because the federal district courts are courts of "limited jurisdiction," while the state courts are courts of "general jurisdiction."

The plaintiffs do not identify the jurisdictional basis for their claims against the defendants. However, based on the allegations of the complaint, the only discernable basis for federal-court jurisdiction would be 28 U.S.C. § 1332, diversity of citizenship. For

1

a federal district court to have jurisdiction of a civil action based on diversity of citizenship under 28 U.S.C. § 1332, the following requirements must be satisfied: The controversy must be between (a) citizens of different states; or (b) citizens of a state and citizens or subjects of a foreign state; or (c) citizens of different states and in which citizens or subjects of a foreign state are additional parties.  Also, the matter in controversy must exceed $75,000.  For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means "complete diversity," i.e., that "the citizenship of each plaintiff is different from the citizenship of each defendant."  Ryan v. Schneider National Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001).

In this case, at least two of the three plaintiffs are citizens of the same state as all defendants.  Therefore, there is no complete diversity of citizenship, and this case must be dismissed for lack of subject matter jurisdiction.  However, the dismissal will be without prejudice so that the plaintiffs may file a complaint in a state court if they wish.

THEREFORE, IT IS ORDERED:

1. That pursuant to Fed. R. Civ. P. 12(h)(3), the plaintiffs' complaint and this action are dismissed without prejudice for lack of subject matter jurisdiction;

2. That all pending motions (filing nos. 2, 3 and 4) are denied; and

3. That a separate judgment will be entered accordingly.

DATED this 28th day of April, 2005.

BY THE COURT:

s/ Richard G. Kopf
United States District Judge